UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-658-H

UNITED STATES OF AMERICA,                                   PLAINTIFF
On Behalf of its Agency,
U.S. Customs and Border Protection

V.

JEWELRY HOUSE CORP.                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On or about October 23, 2003, a package imported from South Korea and addressed to 42 West 28th Street, New York, NY 10001, arrived at the United Parcel Service ("UPS") hub in Louisville, Kentucky. The consignee identified on the airway bill was Tarif's, 27 West 28th Street, New York, New York, 10001. The complaint alleges that after UPS learned that the actual consignee was Defendant, Jewelry House Corporation ("Defendant"); Customs and Border Protection ("CBP") officers inspected the package which was revealed to contain 960 counterfeit Playboy bunny rings and 348 counterfeit Louis Vuitton bracelets. On November 1, 2003, the counterfeit merchandise was seized pursuant to 19 U.S.C. § 1526(e); on March 12, 2004, it was subsequently forfeited. Civil penalties for the infringement of trademark laws were imposed under 19 U.S.C. § 1526(f). Defendant moves for judgment on the pleading, and, in reply, the United States moves for summary judgment.

I.

Defendant argues it is entitled to judgment on the pleading because the Government's complaint failed to allege with any plausibility how Defendant had any connection to the

package.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). A motion to dismiss for failure to state a claim "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, a court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

To survive a motion for judgment on the pleadings, the facts set forth in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter*, 592 F.3d 718, 722 (6th Cir. 2010). As stated by the Supreme Court, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568.

At this early stage of the litigation, the Court chooses to exercise this discretion, and will disregard the materials outside the complaint submitted by the Government in order to treat this motion solely as one for judgment on the pleadings. The United States pled detailed facts about the nature and date of the shipment, the inspection of the shipment by CBP officers at the UPS hub and the discovery of counterfeit merchandise, the seizure and forfeiture of the counterfeit

2

merchandise, CBP's issuance of a Notice of Penalty to Jewelry House, and the CBP's letter to Defendant informing the company of its right to request review of the administrative decision to impose a penalty. On its face, the Government has stated sufficient facts to establish a claim to relief.

II.

The Untied States has moved for summary judgment, arguing that the evidence it presented in its response to Defendant's motion entitles it to such judgment.

A moving party is entitled to summary judgment when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The moving party also "has the burden of showing conclusively that no genuine issue of material fact exists"and that the movant is entitled to judgment as a matter of law. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) To defeat summary judgment, the non-moving party "must come forward with more persuasive evidence to support his or her claim than would otherwise be necessary." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party must point to corroborating evidence in the record creating a genuine issue of material fact. Fed. R. Civ. P. 56(e). A genuine issue of material fact is an issue that would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

The United States has submitted a convincing declaration by Jerome F. Gothelf, concerning his extensive investigation and conclusion. This may well carry the day, eventually. However, Defendant's counsel *pro hac vice* has submitted its declarations in opposition to the Government's motion under Fed. R. Civ. Pro. 56(d). Therefore, under Fed. R. Civ. P. 56(d)(1), the Court will deny the United States' motion for summary judgment.

3

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is DENIED.

IT IS FURTHER ORDERED that the United States' Motion for Summary Judgment is DENIED.

cc: Counsel of Record